**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
IN RE:

DAVID CATANIA and ANN MARIE CATANIA,

                DEBTORS.
------------------------------------------------------------------X
RUSHMORE LOAN MANAGEMENT SERVICES,
LLC, AS SERVICER FOR MTGLQ
INVESTORS, LP,

                MOVANTS.
V.

DAVID CATANIA AND ANN MARIE CATANIA,

                RESPONDENTS.
------------------------------------------------------------------X

CHAPTER 13

CASE NO. 17-37101 (CGM)

OBJECTION

---

**DEBTORS' OBJECTION TO THE MOTION FOR TERMINATION OF AUTOMATIC STAY FILED BY RUSHMORE LOAN MANAGEMENT SERVICES, LLC, AS SERVICER FOR MTGLQ INVESTORS, LP**

---

**NOW COMES** Debtors, David Catania and Ann Marie Catania ("Debtors"), by and through her attorney of record, Linda M. Tirelli, Esq., pursuant to Section 362 of Title 11 of the United States Code, and hereby files their objection to the Motion for Relief from the Automatic Stay filed by Rushmore Loan Management Services, LLC ("Rushmore"), as Servicing Agent for MTGLQ Investors, LP, ("Creditor"), and moves the court for a preliminary hearing on all issues raised by the allegations in set forth in Rushmore's motion, as well as for a final hearing. Debtors deny that Rushmore has established sufficient grounds to justify the entry of an order granting it relief from the automatic stay, and further denies all allegations presented in said motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

1.    On December 8, 2006, Debtors purchased real property located at 104 Geymer Drive in

        Mahopac, New York ("the Property") to serve as their principal residence. They

    financed the purchase by giving a $382,400.00 promissory note, secured by a mortgage, to Mortgageit, Inc.

2. On April 27, 2012, Wells Fargo Bank, N.A. ("Wells Fargo"), commenced its first foreclosure proceedings against Debtors in the Putnam County Supreme Court; said matter was assigned Index No. 876/2012. In said foreclosure and complaint, Wells Fargo claims to be the holder of the note and mortgage. A copy of the 2012 Summons and Complaint is attached hereto as **Exhibit "A".**

3. On July 3, 2013, the Putnam County Supreme Court granted the unopposed motion of Wells Fargo and entered an Order of Discontinuance of the foreclosure case and to Cancel Lis Pendens.

4. On or about February 20, 2014, Wells Fargo commenced a second foreclosure action against Debtors in the Putnam County Supreme Court ("2014 foreclosure case"); said matter was assigned Index No. 332/2014. In the 2014 foreclosure complaint, Wells Fargo is the sole named plaintiff and identifies itself as " holder of the subject note and mortgage with the delegated authority to institute this mortgage foreclosure action by the owner." The complaint does not reveal the identity of the "owner" which delegated authority to Wells Fargo to act as the holder. However, as set forth below, in the context of the 2017 bakruptcy case, a  copy of a 2007 transmittal letter was submitted to the federal bankruptcy court in support of both a proof of claim and the instant motion for relief from stay which identifies Deutsche Bank as the owner of the Debtors' note and mortgage and Wells Fargo as the "bailee for and agent of Deutsche Bank." A copy of the transmittal letter from Deutsche Bank to Wells Fargo is attached hereto as **Exhibit "B"**

and A copy of the 2014 foreclosure summons and complaint are attached hereto as **Exhibit "C"**. Attached to the 2014 Complaint are the following:

    a. the image of a "Note," purportedly signed by Debtors, identifying Mortgageit as the lender, and allegedly relating to Debtors' purchase of the Property;

        i. the image of the purported Note also appears to contain two indorsements: one allegedly indorsed by Mortgageit to Wells Fargo; and a second indorsed in blank by Wells Fargo;

        ii. this attachment also contains an illegible stamp on the bottom of the third page that does not appear on the versions of the "Note" submitted and filed by Rushmore in Debtors' bankruptcy case.

    b. the image of an alleged "Assignment of Mortgage" dated **June 25, 2015**, from Wells Fargo to GCAT Management Services 2015-13 LLC, and signed by Tim Lightfoot, Vice President of Wells Fargo;

    c. the image of an alleged "Assignment of Mortgage," dated **May 13, 2015,** from GCAT Management Services 2015-13 LLC to MTGLQ Investors, L.P., and executed by Adam Pick, Vice President of MTGLQ. The court may take judicial notice that the assignment from GCAT Management Services 2015-13 LLC to MTGLQ Investors, L.P *pre-dates* the assignment from Wells Fargo to GCAT Management Services 2015-13 LLC.

5. On December 12, 2017, while the 2014 foreclosure action was still pending, Debtors filed for protection under Chapter 13 of the United States Bankruptcy Code of the United States ("Ch. 13 Petition") in the bankruptcy court for the Southern District of New York;

said filing was assigned Case No. 17-37101. That same day, Debtors also filed their Model Ch. 13 Plan. All creditors received notice of the foregoing.

6. Thereafter, on March 22, 2018, Rushmore Loan Management Services ("Rushmore") acting as agent for MTGLQ Investors, LP, filed a proof of claim ("Claim No. 5") in the Debtors' bankruptcy case in the amount of $571,279.14. MTGLQ Investors LP is an entity not known to the Debtors. To be clear, at the time of filing the instant bankruptcy case, the pending 2014 foreclosure action was foiled by a sole plaintiff, Wells Fargo Bank, NA and not by MTGLQ. Attached to Claim No. 5, inter alia, are the following:

   a. the image of a "Note," purportedly signed by Debtors, identifying Mortgageit as the lender, and allegedly relating to Debtors' purchase of the Property;

      i. the image of the purported Note also appears to contain two indorsements: one allegedly indorsed by Mortgageit to Wells Fargo; and a second indorsed in blank by Wells Fargo;

   b. a copy of the aforementioned Transmittal Letter issued by Deutsche Bank Trust Company Acceptance ("Deutsche Bank") to Wells Fargo dated January 7, 2007 in which Deutsche Bank identifies itself as the owner of the mortgage loan and Wells Fargo as merely a bailee. Nothing in the remaining documents presented to this court explain when Wells Fargo became something other than a bailee to and agent of Deutsche Bank or when Deutsche Bank became the owner of the Debtors mortgage loan;

   c. the image of a "Mortgage," containing a stamp bearing the word "ORIGINAL," purportedly signed by Debtors on December 8, 2006, and between them, Mortgageit, and Mortgage Electronic Registration Systems ("MERS") for the

4

  Purposes of Recording this Mortgage, MERS is the Mortgagee of Record, and appears to have been recorded on January 7, 2007, in the Clerk for Putnam County;

d. the image of the recording of a purported "Mortgage" on January 10, 2007, in the Clerk for Putnam County the image of an alleged "Assignment," dated July 18, 2011, identifying the Mortgagor as David Catania (no mention of Ann Marie Catania), the Mortgagee as Wells Fargo;

e. the image of an alleged "Assignment," dated July 1, 2011, identifying the Assignor as MERS, the Mortgagee as Wells Fargo, and includes MERS, for the Purposes of Recording this Mortgage, as the "Mortgagee of Record," and recorded on January 10, 2007, in the Clerk for Putnam County;

f. the image of an alleged "Assignment of Mortgage," dated **May 13, 2015**, from GCAT Management Services 2015-13 LLC to MTGLQ Investors, L.P., and executed by Adam Pick, Vice President of MTGLQ;

g. the image of an alleged "Assignment of Mortgage," dated **June 25, 2015**, from Wells Fargo to GCAT Management Services 2015-13 LLC, and signed by Tim Lightfoot, Vice President of Wells Fargo, by its attorney in fact, Rushmore Loan Management Services LLC. The court may again take judicial notice that the assignment from GCAT Management Services 2015-13 LLC to MTGLQ Investors, L.P *pre-dates* the assignment from Wells Fargo to GCAT Management Services 2015-13 LLC.

7. Subsequent thereto, on January 24, 2019, Rushmore, in its alleged capacity as the Servicing Agent for MTGLQ Investors, LP ("Secured Creditor"), filed a Motion for Relief from the Automatic Stay. Again, MTGLQ is an ntity not known to the Debtors. The foreclosure case names Wells Fargo as the sole planintiff and the Debtors do not know when or how MTGLQ acquired any right to file a claim in their bankruptcy case or seek relief from the automatic stay.

8. The documentation attached to the motion include the following:

   a. the image of a "Note," purportedly signed by Debtors, identifying Mortgageit as the lender, and allegedly relating to Debtors' purchase of the Property;

      i. the image of the purported Note also appears to contain two indorsements: one allegedly indorsed by Mortgageit to Wells Fargo; and a second indorsed in blank by Wells Fargo;

   b. a Transmittal Letter issued by Deutsche Bank Trust Company Acceptance ("Deutsche Bank") to Wells Fargo dated January 7, 2007;

   c. the image of a "Mortgage," containing a stamp bearing the word "ORIGINAL," purportedly signed by Debtors on December 8, 2006, and between them, Mortgageit, and Mortgage Electronic Registration Systems ("MERS") for the Purposes of Recording this Mortgage, MERS is the Mortgagee of Record, and appears to have been recorded on January 7, 2007, in the Clerk for Putnam County;

   d. the image of the recording of a purported "Mortgage" on January 10, 2007, in the Clerk for Putnam County;

6

e. the image of an alleged "Assignment of Mortgage" dated July 18, 2011, from MERS, as nominee for Mortgageit, Inc., its successors and assigns, to Wells Fargo, and signed by Samuel Kremer, Assistant Secretary for MERS;

f. the image of an alleged "Assignment of Mortgage" dated **May 13, 2015**, from GCAT Management Services 2015-13 LLC to MTGLQ Investors, L.P., and executed by Adam Pick, Vice President of MTGLQ;

g. the image of an alleged "Assignment of Mortgage" dated **June 25, 2015**, from Wells Fargo to GCAT Management Services 2015-13 LLC, and signed by Tim Lightfoot, Vice President of Wells Fargo. The court may once again take judicial notice that the assignment from GCAT Management Services 2015-13 LLC to MTGLQ Investors, L.P *pre-dates* the assignment from Wells Fargo to GCAT Management Services 2015-13 LLC.

9. Also attached to Rushmore's motion is the Declaration of Brandon Kirkham, Vice President of Rushmore in its capacity as servicer for MTGLQ Investors, LP, executed on January 24, 2019; therein, Mr. Kirkham avers that the total amount of Debtors' pre-petition and post-petition indebtedness was $605,738.60 (as of December 17, 2018); pre-petition amount was $571,279.14 and post-petition was $40,551.96 (as of December 17, 2018).

10. In its motion, Rushmore argues that "good cause" exists to modify (lift) the automatic stay because of Debtors' failure to make post-petition payments and, as a result of Debtors' default of the terms of the Note and Mortgage, Secured Creditor's interest is not adequately protected.

11. There does not appear to be any court filing, whether it be the state foreclosure actions or in this Court, documents that evidence what entity, if any, is the current holder or possessor of the Original Note. The note appearing in the state court foreclosure action brought by Wels Fargo as the plaintiff is the same as that presented now by MTGLQ. If Wells Fargo was merely a bailee and agent of the owner of the loan it makes no sense that any rights were derived from it or that the note could have been indorsed by it.

12. The debtors dispute the validity of the note and indorsements and the assignments (which are clearly out of order in time). The Debtors aver the alleged creditor needs to produce the wet ink original Note with a clear chain of title.

13. There also does not appear to be a documentary explanation to support Rushmore's claim that it has standing to file Claim No. 5, as well as documentary support that allows for the determination that MTGLQ Investors, LP, is a true and valid creditor of Debtors as asserted on Claim No. 5.

## FAILURE TO BRING MOTION IN THE NAME OF THE REAL PARTY IN INTEREST, LACK OF STANDING, AND THE PERPETRATION OF FRAUD ON THE COURT

14. Debtors' Note and mortgage loan was not validly acquired by the alleged Secured Creditor, MTGLQ Investors, LP; indeed, there has been no proffer of documents in the instant matter to demonstrate otherwise, as was Movants burden to establish.

15. Nor is there any evidence before this Court that the alleged Secured Creditor in Claim No. 5 is the current holder or owner of Debtors' Note and Mortgage loan.

16. Succinctly stated, the alleged Secured Creditor has failed to meet its burden to establish that it was a party in interest with standing at the time Claim No. 5 was filed, as well as the instant motion.

17. There is no evidence in the record that identifies the true holder and/or assignee of the Note and Mortgage loan that allegedly originated in 2006 with Mortgageit.

## LEGAL ARGUMENT

18. Debtors aver that the documentation in support of the instant motion fails. There is nothing in the record to indicate that any of the Affiants in the instant matter ever saw the original Note to have compared it to the exhibit offered. There are no apparent answers to the plethora of questions generated by the various and purported Assignments of Mortgage that were recorded in Putnam County.

19. ' "Standing is a threshold issue for a court to resolve." *In re Idicula,* 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (citation omitted). "A lift stay motion cannot be brought by a stranger to the case." *In re Sterling,* 2018 WL 313085 at *3 (Bankr. S.D.N.Y. Jan. 5, 2018) (quoting *In re Escobar,* 457 B.R. 229, 236 (Bankr. S.D.N.Y. 2011)). It is well settled that under section 363(d), a request to lift the automatic stay must be made by a "party in interest." *In re Lippold,* 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011). While the term "party in interest" is not defined in the Bankruptcy Code, the Second Circuit has stated that "in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor." *In re Mims,* 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing *In re Comcoach,* 698 F.2d 571, 573 (2d Cir. 1983))." In re Garcia, 584 B.R. 483 (Bankr.S.D.N.Y. 2018) (internal citations in original).

20. To meet the definition of "creditor" in Section 101(10) of the Bankruptcy Code, an entity must have "a claim against the debtor that arose at the time of or before the order for

9

17-37101-cgm    Doc 44    Filed 02/28/19    Entered 02/28/19 21:14:09    Main Document
Pg 10 of 13

relief concerning the debtor." 11 U.S.C. § 101(1)(A). The Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured...." 11 U.S.C. § 101(5)(A).

21. Courts have made clear that an entity can demonstrate a "right to payment" by showing that it holds the ability to seek the state law remedy of foreclosing on a property. *See, e.g., In re Mims,* 438 B.R. 52, 56 (Bankr.S.D.N.Y. 2010).

22. In New York, a plaintiff has standing to commence a mortgage foreclosure action `where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced.'" See, e.g., In re *Lippold,* 457 B.R. at 296-97 (quoting *Bank of N.Y. v. Silverberg,* 86 A.D.3d 274, 926 N.Y.S.2d 532, 536 (2d Dep't 2011)). "While the transfer of the mortgage without the promissory note is a nullity, once a promissory note is transferred from assignor to assignee, `the mortgage passes as an incident to the note.'" *Id.* at 297 (quoting *Silverberg,* 926 N.Y.S.2d at 537).

23. And, pursuant to New York law, an entity can prove it is the holder of a note in several ways, for example, by proffering "evidence of proof of a written assignment of the Note," or "by demonstrating that [it] has physical possession of the Note endorsed over to it." In re *Escobar,* 457 B.R. at 240 (citation omitted); *see also Mims,* 438 B.R. at 56.

24. "Transfer of a note may be accomplished through an allonge firmly affixed to the note. *See In re Sterling,* 2018 WL 313085, at *4 (citations omitted). If a note is endorsed in blank, the movant must show that it, or the party on whose behalf it acts, has possession of the original note endorsed in blank. See *Idicula,* 484 B.R. at 287, 289." In re Garcia, 584 B.R. at 488.

25. In addition to demonstrating that it has standing, to prevail on a motion to lift or modify an automatic stay, the moving party must establish its *prima facie* case that there is cause to lift the stay. Once the creditor makes a *prima facie* case, the burden shifts to the debtor on all other issues.  In re Garcia, 584 B.R. at 488, 489.

26. Here, the motion filed by Rushmore fails to establish that MTGLQ Investors, LP, is a "party in interest" pursuant to 11 U.S.C. 362(d), or that Rushmore has standing to enforce its alleged right to foreclose on the Property.  The alleged Note contains two purported indorsements; one in blank to Wells Fargo and another from Mortgageit to Wells Fargo. There is NO affidavit or declaration (or any document submitted in support of the Motion) that demonstrates MTGLQ Investors, LP, holds the original Note endorsed in blank.  To the extent that Rushmore argues that MTGLQ Investors, LP, holds the original Note, there is no proffered explanation as to how it came into its alleged possession.

27. In the case of In re Mims, that Court held that Wells Fargo lacked standing to seek relief from the automatic stay because it failed to establish its ownership of a promissory note given with a mortgage, failing to provide the requisite evidence that "the Note was physically delivered or assigned pursuant to a written agreement."  438 B.R. at 56.

28. As applied herein, Rushmore and MTGLQ Investors, LP, have also not established standing to lift the automatic stay due to their complete failure to provide this Court with evidence that it enjoys the status of Note owner or holder.

29. Indeed, Debtors aver that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note.  Thus, because the actual name of the actual note holder is not ascertainable, Claim No. 5 filed by Rushmore on behalf of MTGLQ Investors, LP, is fatally defective.

11

30. The Assignments of Mortgage presented by Movants herein are questionable, and may have very well been manufactured documents intended to defraud the Court, the United States Trustee, the Debtor and all other parties effected by the instant bankruptcy case.

31. Moreover, Movants make no real assertions as to its own interest in the outcome of Claim No. 5, nor do they make any mention of a perceived injury. Movants know full well that they cannot bring a claim without properly identifying any direct injury or threat of injury to itself or by joining a real party in interest.

32. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability.

33. Further, Movants have not shown that they have a stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

**WHEREFORE,** Debtors pray of the Court as follows:

A.      That Movants' Motion for Relief from Stay be DENIED;

B.      That Rushmore and MTGLQ Investors, LP, along with other parties identified in the bogus assignments be precluded from filing any amended, modified, or substitute claim or further motions seeking relief from stay in this case;

C.      That Debtors have and recover against Movants a sum to be determined by the Court in the form of actual damages;

D.      That Debtors have and recover against Movants a sum to be determined by the Court in the form of statutory damages;

E. That Debtors have and recover against Movants a sum to be determined by the Court for punitive damages;

F. That Debtors have and recover against Movants a sum to be determined by the Court all legal fees and expenses incurred by her attorney(s); and

G. That Debtors have such other and further relief as the Court may deem just and proper.

This the 28th day of February, 2019.

    /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.
Tirelli Law Group, LLC
Westchester Financial Center
50 Main Street, Suite 1265
White Plains, NY 10606
Phone (914)732-3222 / Fax (914)517-2696
Email: LTirelli@TW-LawGroup.com